OPINION
On February 10, 1997, third party defendant and appellant herein, Roger Nisley, transferred property to third party plaintiff and appellee herein, Thomas Ferguson. Said property is a .75 acre parcel along the Muskingum River in Morgan County, Ohio. The parcel was the subject of litigation in 1968 wherein appellee herein, Mildred Lowe, filed a Petition in Ejectment against appellant as to a .23 acre parcel within the .75 acre parcel (Case No. 8412). Judgment was awarded to appellee Lowe and appellant was ejected from the .23 acre parcel. On April 13, 1997, appellee Lowe filed a complaint against appellee Ferguson claiming ownership of the subject parcel pursuant to the doctrine of res judicata and adverse possession. Appellee Lowe also claimed to be the titleholder of the parcel. On September 17, 1997, appellee Ferguson filed a third party complaint against appellant seeking recission of the deed. The subject parcel was subsequently surveyed and it was discovered that the legal descriptions contained in appellee Lowe's deed and appellee Ferguson's deed overlapped. The .23 acre parcel awarded to appellee Lowe in the previous case laid entirely within the .75 acre parcel purchased by appellee Ferguson. A bench trial commenced on October 28, 1998. By journal entry filed January 27, 1999, the trial court found appellee Lowe to be the titleholder of the parcel by virtue of her deed description and adverse possession. The trial court also found no meeting of the minds between appellant and appellee Ferguson and therefore rescinded the deed on the grounds of mutual mistake. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I. THE TRIAL COURT'S FINDING THAT LOWE HELD TITLE BY BOTH ADVERSE POSSESSION AND DEED WAS ERROR.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT LOWE HELD TITLE BY HER DEED DESCRIPTION.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT ADVERSE POSSESSION WAS PROVEN.
IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT THE PARTIES HAD NO "MEETING OF THE MINDS" AS THE DOCTRINE OF MUTUAL MISTAKE WAS NOT PLED.
V. THE TRIAL COURT'S FINDING THAT A MUTUAL MISTAKE HAD BEEN MADE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RESCINDING THE DEED BETWEEN THE PARTIES WHEN THE COMPLAINING PARTY WAS NEGLIGENT IN FAILING TO DISCOVER THE MISTAKE.
 I, II, III
Appellant claims the trial court erred in finding that appellee Lowe held title by both adverse possession and deed. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. Appellant argues the trial court's ruling in finding adverse possession and title ownership by deed is legally inconsistent. We read the trial court's journal entry as finding ownership by deed and by adverse possession with neither one being determinative of the issue. BY DEED Appellant argues the doctrine of res judicata bars appellee Lowe from relitigating an ownership claim to the entire tract by deed. We agree. In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." The 1968 Morgan County Case (No. 8412) involved the same parties as the case sub judice. The parties were appellee Lowe and her now deceased husband, and appellant herein through whom appellee Ferguson took title. The case involved the same subject matter, the .75 acre parcel in subdivision 20 from subdivision 1. The dispute centered around the ownership of the parcel. In the case sub judice, appellee Lowe claimed ownership of the entire parcel pursuant to a deed from Walter L. Giles, guardian of Shirley E. Gregg, dated December 10, 1963 and recorded in Records of Deeds Morgan County, Ohio Volume 120, Page 87. In the 1968 case, the trial court by judgment filed July 5, 1969 stated "[i]t is, therefore, adjudged and decreed that the plaintiffs, Rawleigh D. Lowe and Mildred Lowe, recover from the defendant, Roger A Nisley, the possession of said real estate as described in the petition * * *." As Plaintiff's Exhibit E demonstrates, the original "Petition in Ejectment" was not for the .75 acre parcel in dispute sub judice, but was for a smaller portion of the property to wit: a .23 acre parcel more or less taken from the same deed reference: Situated in the County of Morgan, in the State of Ohio, and in the Township of Malta, and being a part of 204.21 acres conveyed by Walter L. Giles, Guardian of Shirley E. Gregg, to Rawleigh D. Lowe and Mildred Lowe by deed dated December 10, 1963, and recorded in Records of Deeds, Morgan County, Ohio, Volume 120, Page 87: commencing at a point where the North boundary line of said 204.21 acre tract as described in Records of Deeds, Morgan County, Ohio, Volume 120, Page 87, intersects the low water mark of the Muskingum River, said point being evidenced by a shiner in a maple tree South 52 deg. West 37.46 feet and by a shiner in an elm tree South 18 deg. 30 min. East 34.32 feet; thence South 74 deg. 45 min. West along the North boundary line of said 204.21 acre tract a distance of 80 feet, more or less, to the center line of County Road #2; thence following the center line of said County Road #2 in a Southeasterly direction a distance of 127 feet; thence leaving said road in a Northeasterly direction a distance of 97 feet, more or less, to a point at the low water mark of the Muskingum River which is 98 feet from the place of beginning; thence North 47 deg. 45 min. West along the low water mark of the Muskingum River a distance of 98 feet to the place of beginning, containing 0.23 acre, more or less.
Based upon the foregoing, appellee Lowe is barred by the doctrine of res judicata from relitigating the ownership of the remaining .52 acre parcel under the deed. Appellee Lowe's ownership by deed is limited to the .23 acre parcel described in the Petition in Ejectment cited supra.
ADVERSE POSSESSION The trial court concluded the remainder of the .75 acre parcel belonged to appellee Lowe by virtue of adverse possession. In Grace v. Koch (1998), 81 Ohio St.3d 577, syllabus, the Supreme Court of Ohio explained "adverse possession" as "(1) acquisition of title by adverse possession requires party to prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for period of 21 years." By journal entry filed January 27, 1999, the trial court found the following as to the remaining acreage not included in the 1969 judgment: The evidence further shows that for the last 21 years and certainly from the 22nd day of October, 1968, the Plaintiff has openly, notoriously and hostilely asserted her claim to almost 95% of the tract described in the deed granted by the Third Party Defendant to the Defendant herein by mowing and maintaining the parcel with the assistance of her family and employees, removing fence posts from the property * * *.
Both Harry Lowe and Michael Lowe, appellee Lowe's son and grandson, respectively, testified to the continuous mowing, cutting and maintenance of the subject parcel since the 1960s. T. at 35-36, 53, 56. After the 1969 judgment, appellant "took his trailer and left" the property. T. at 33. The Lowe family and their friends used the parcel for recreational purposes and posted "No Trespassing" signs before 1983 to ward off duck hunters. T. at 53, 55. Although appellant had a deed to the parcel, he was rarely there because he lived in Virginia. T. at 128, 136. Vicky Ridenbaugh, appellant's sister, testified at times she accompanied her father to the parcel and fished and swam. T. at 127. Ms. Ridenbaugh testified at the time her brother posted the "For Sale" sign on the parcel, the parcel was overgrown and had not been taken care of. T. at 131. Appellant testified "there was no indication that somebody had done anything to the property." T. at 140. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Based upon the evidence in the record, we cannot say the trial court did not have clear and convincing evidence of adverse possession. Accordingly, we find the trial court did not err in determining appellee Lowe to be the title owner of the parcel, the .23 acre by deed and the .52 acre by adverse possession. Assignments of Error I, II and III are denied.
 IV, V, VI
Appellant claims the trial court erred in finding a mutual mistake between appellant and appellee Ferguson and ordering recission of the purchase contract. Appellant also claims appellee Ferguson was negligent in not discovering the mistake. We disagree.
MUTUAL MISTAKE AND RECISSION Appellant claims appellee Ferguson never plead mutual mistake. In his third party complaint filed September 17, 1997, appellee Ferguson requested recission and prayed for the following as against appellant: Wherefore, Defendant-Third Party Plaintiff demands judgment against the Third Party Defendant, Roger Allen Nisley for expenses incurred in defending this litigation and for such other and further equitable remedies as the conclusion of this litigation may be deemed appropriate.
The inclusion of a request for recission as well as "further equitable remedies * * * deemed appropriate" clearly put appellant on notice of the issue of contract and the necessity for proving all elements of contract law. It is well-established that a meeting of the minds is necessary to formulate a valid contract. Noroski v. Fallet (1982), 2 Ohio St.3d 77. In 17 Ohio Jurisprudence 3d (1980) 445, Contracts, Section 17, it is stated: For a contract to be binding, the parties thereto must have a distinct and common intention which is communicated by each party to the other, and this intention of the parties must refer to legal relations. In other words, to constitute a valid contract, there must be a meeting of the minds of the parties, and there must be an offer on the one side and an acceptance on the other.
Whether a meeting of the minds has occurred is a question of fact to be determined from all the relevant facts and circumstances. Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 325. The evidence establishes appellant did not involve himself in any of the specifics of the sale because he let his sister negotiate for him. T. at 129. Appellant was unaware of the 1968/1969 litigation. T. at 142. Appellant lived in Virginia and had no involvement with the parcel except for the payment of tax bills. T. at 141-142. Appellant testified he did not know of the title error until appellee Ferguson had purchased the parcel. Appellant had relied on his attorney to "dot all the I's and cross all the T's" to see that the conveyance was done correctly. T. at 93-95. In December of 1996, appellee Lowe's grandson informed appellee Ferguson that appellee Lowe owned the parcel. T. at 101. This occurred while the deed from appellant to appellee Ferguson was being processed so it had not yet been signed. T. at 110-111. After the deed was processed, a fence was erected across the parcel. T. at 102-103, 113. Appellee Ferguson questioned appellant's attorney about the fence and attempted to review the deed records but he was "not educated enough to do research on it." T. at 103-104, 109. The 1968/1969 litigation was not disclosed to appellee Ferguson until after he had paid for the deed to the parcel. T. at 102. Neither appellant or appellee Ferguson knew of the prior litigation, the overlapping deeds or appellee Lowe's interest in the parcel until after appellee Ferguson had expended money and commenced work on the parcel. T. at 105-106. Clearly the record substantiates the trial court's finding of the lack of a meeting of the minds and the necessity for equitable recission.
NEGLIGENCE BY APPELLEE FERGUSON As noted supra, appellee Lowe's grandson informed appellee Ferguson of appellee Lowe's ownership of the parcel while the deed from appellant to appellee Ferguson was being processed. Mr. Lowe testified he approached appellee Ferguson because he was doing work on the parcel. T. at 60. Appellee Ferguson questioned appellant's attorney and they agreed a survey should be done. T. at 115. Appellee Ferguson testified a survey had never been done prior to the signing of the deed because "[t]he Engineer's Office assured me that the property didn't even need surveyed. That's the reason the deed was transferred without a survey because the Engineer's Office assured me the deed was fine." T. at 115. Appellee Ferguson did not receive the deed until after he had made his final payment and the issue with the Lowes had already surfaced. It is clear both appellant and appellee Ferguson were unaware of the problems involving the parcel until well after the deed was signed and the payments were made. We concur with the trial court's decision to rescind the deed and order payment sufficient to make appellee Ferguson whole. Assignments of Error IV, V and VI are denied.
The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.